UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY R. LEBLANC, #333019,

      Plaintiff,

                                    CASE NO. 15-12641
v.                              HONORABLE ARTHUR J. TARNOW

SCOTT ERDOS,

      Defendant.
_____/

**OPINION AND ORDER DENYING THE APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND
DISMISSING THE COMPLAINT UNDER 28 U.S.C. § 1915(g)**

### I. Introduction

This matter has come before the Court on plaintiff Jeffrey R. LeBlanc's *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Macomb Regional Correctional Facility in New Haven, Michigan. Defendant Scott Erdos apparently is a deputy sheriff in Kalamazoo, Michigan. The complaint alleges that Defendant falsified events and created a fraudulent sheriff's report to obtain Plaintiff's arrest. Plaintiff sues Defendant in his personal capacity for declaratory and injunctive relief and money damages.

*LeBlanc v. Erdos*, No. 15-12641

Plaintiff did not prepay the filing fee for this action. Instead, he seeks permission to proceed without prepayment of fees and costs for his complaint on the ground that he has no income and no financial assets.

## II. Discussion

A federal litigant who is too poor to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). However,

> a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting 28 U.S.C. § 1915(g)).

An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the

*LeBlanc v. Erdos*, No. 15-12641

time the complaint is filed.' " *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Ritter v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). "In addition to a temporal requirement, [the Sixth Circuit has] explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Id*.

A review of Plaintiff's litigation history in federal court reveals that more than three of his previous cases were dismissed as frivolous or for failure to state a claim. *See LeBlanc v. Schuette*, No. 2:15-cv-10555 (E.D. Mich. Feb. 17, 2015); *LeBlanc v. Moody*, No. 2:15-cv-10469 (E.D. Mich. Feb. 18, 2015); *LeBlanc v. Kalamazoo County Sheriff*, No. 1:14-cv-305 (W.D. Mich. July 29, 2014); *LeBlanc v. Michigan*, No. 1:14-cv-552 (W.D. Mich. June 19, 2014); and *LeBlanc v. Kalamazoo County Government*, No. 1:14-cv-308 (W.D. Mich. May 21, 2014).

In several other cases that were filed and closed before Plaintiff signed and dated his complaint in this case on July 16, 2015, Plaintiff was denied leave to proceed *in forma pauperis* because he has three "strikes" under 28 U.S.C. § 1915(g). *See LeBlanc v. People of the State of Michigan*, No. 2:15-cv-12380 (E.D. Mich. July 15, 2015); *LeBlanc v. Michigan State Police*, No. 2:15-cv-12026 (E.D. Mich. June 25, 2015); *LeBlanc v. Lightvoet*, No. 2:15-cv-12127 (E.D. Mich. June

*LeBlanc v. Erdos*, No. 15-12641 19, 2015); *LeBlanc v. Robert G. Cotton Correctional Facility*, No. 2:15-cv-12060 (E.D. Mich. June 12, 2015); *LeBlanc v. Jonker*, No. 2:15-cv-12059 (E.D. Mich. June 11, 2015); *LeBlanc v. Dep't of Corr.*, No. 2:15-cv-12025 (E.D. Mich. June 11, 2015); *LeBlanc v. Barber*, No. 2:15-cv-12023 (E.D. Mich. June 12, 2015); *LeBlanc v. Arwood*, No. 2:15-cv-12021 (E.D. Mich. June 11, 2015); *LeBlanc v. Federal Government*, 5:15-cv-10706 (E.D. Mich. Mar. 19, 2015); and *LeBlanc v. Romanowski*, No. 2:15-cv-10483 (E.D. Mich. Mar. 2, 2015).

As a result of Plaintiff's prior "strikes," he may not proceed without prepayment of the fees and costs for this action unless he was in "imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g). He has not alleged that he was in imminent danger of serious physical injury at the time, and nothing in the complaint suggests that he was facing a real and proximate threat of serious physical injury when he filed his complaint. Thus, he may not proceed without prepayment of the filing fee for this action.

### III. Conclusion and Order

More than three of Plaintiff's cases have been dismissed as frivolous or for failure to state a claim for which relief may be granted, and Plaintiff does not fall within the exception to § 1915(g) for prisoners who are in imminent danger of

4

*LeBlanc v. Erdos*, No. 15-12641

serious physical injury.  The Court therefore denies Plaintiff's application to proceed without prepayment of fees and costs (document 2) and summarily dismisses his complaint (document 1) without prejudice pursuant to 28 U.S.C. § 1915(g).  The Court certifies that an appeal from this order could not be taken in good faith, 28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: August 18, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 18, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

5